# **EXHIBIT B**

1/12/2021 2:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49632478
By: Courtni Gilbert
Filed: 1/12/2021 2:38 PM

*2021-01708 / Court: 125*

No. _____

| | | |
|---|---|---|
| PAULINE VALTASAROS | * | IN THE DISTRICT COURT |
| | * | |
| V. | * | HARRIS COUNTY, TEXAS |
| | * | |
| WALMART INC. | * | _____ JUDICIAL DISTRICT |

<u>PLAINTIFF'S ORIGINAL PETITION & DUTY FOR DISCLOSURES</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PAULINE VALTASAROS, hereinafter referred to as Plaintiff, and files Plaintiff's Original Petition and Duty for Disclosures, complaining of WALMART INC., hereinafter referred to as Defendant, and for cause of action against said Defendant would respectfully show the Court and Jury as follows:

I.

This is an expedited action under TRCP 169 and discovery is governed by TRCP 190.2.

II.

Plaintiff is an individual who resides in the State of Texas.

Defendant WALMART INC. is a corporation who may be given notice by serving its registered agent, C T CORPORATION SYSTEM, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

III.

The Court has jurisdiction over Defendant because Defendant is doing business in Texas. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.

IV.

Venue is proper in HARRIS County, Texas. Specifically, venue is permissive in this county

because under Section 15.002(a)(1) of the Civil Practice and Remedies Code the events giving rise to this cause of action occurred in HARRIS County, Texas.

V.

On or about October 19, 2019, Plaintiff was shopping at Defendant's store located at 2700 S. Kirkwood in Houston, Harris County, Texas. As Plaintiff walking in the aisle perpendicular to the cash registers, she slipped on the floor that was wet from a cleaning machine being operated in the area. Defendant did not place any visible notice /warning sign in the wet area. Defendant had actual and/or constructive notice of this wet floor at the time of the incident made the basis of this lawsuit because Defendant created this condition. As a result, Plaintiff suffered extremely severe and objective injuries including, but not limited to, the aggravation of pre-existing degeneration.

VI.

Plaintiff was an invitee at the time of injury because she was a customer at Defendant's store. Defendant's business was open to the public, and Defendant extended an invitation to Plaintiff to eat at Defendant's store. Defendant thus owed Plaintiff the duty to maintain its premises in a reasonably safe manner.

VII.

Defendant was negligent in failing to notify its customers (warn) of the unreasonably dangerous condition created by the wet substance on the floor.

VIII.

The condition on the premises posed an unreasonable risk of harm because it is foreseeable the wet floor would be extremely slippery for Defendant's customers. Defendant's contractors, agents, servants or employees, acting within the scope of their employment with Defendant or under Defendant's right to control, did not exercise reasonable care to warn, reduce, remedy and/or

eliminate the risk by placing warning signs in the proper area and/or properly cleaning the wet floor. Defendant's failure to exercise reasonable, ordinary and prudent care proximately caused Plaintiff's injuries.

Additionally, Defendant's negligent activity occurred contemporaneously to the incident made the basis of this lawsuit.

IX.

As a proximate result of Defendant's negligence, Plaintiff suffered severe injuries. As a result of Plaintiff's injuries, she suffered the following damages:

1. Physical pain in the past and future;

2. Mental anguish in the past and future;

3. Disfigurement in the past and future;

4. Physical impairment in the past and future; and

5. Medical expenses in the past and future.

X.

Pursuant to Rule 194.2, Defendant has a duty to make initial disclosures, within 30 days of the filing of the first answer or general appearance.

XI.

Please take notice that pursuant to T.R.C.P. 193.7, Plaintiff intends to use the documents produced by Defendant in response to written discovery at the time of trial and in all pre-trial matters in this cause.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and Plaintiff have judgement against Defendant for actual damages within the jurisdictional limits of this Court, in an amount $250,000.00 or less, prejudgment and post-judgment

interest as allowed by law, costs of suit and all other relief the Court deems appropriate at law or in equity.

                              Respectfully submitted,

                              STEPHEN BOUTROS, LTD.

                              */s/ Stephen Boutros*
                              STEPHEN BOUTROS
                              SBN: 90001891
                              2 Riverway, Suite 1770
                              Houston, TX 77056
                              713-425-4300
                              FAX 713-425-4301
                              Stephen@BoutrosLaw.com
                              ATTORNEYS FOR PLAINTIFF

1/28/2021 11:22 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50122651
By: JIMMY RODRIGUEZ
Filed: 1/28/2021 11:22 AM

CAUSE NO. 2021-01708

| | | |
|---|---|---|
| PAULINE VALTASAROS | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WALMART INC. | § | |
| Defendant. | § | |
| | § | 125ᵀᴴ   JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WALMART STORES TEXAS, LLC, incorrectly sued as Walmart Inc, files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I.   General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendants in Plaintiff's Original Petition.

### II.   Affirmative Defenses

2. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Jury Demand

9. Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### IV.  Request for Disclosure

10. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l) and the documents described in Rule 194.4 of the Texas Rules of Civil Procedure.

## V. Prayer

FOR THESE REASONS, Defendant WALMART STORES TEXAS, LLC., Incorrectly sued as Walmart Inc., respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant Walmart Stores Texas, LLC, incorrectly sued as WALMART INC., and orders that Plaintiff take nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,
MEHAFFYWEBER, P.C.

By:/s/Maryalyce W. Cox
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on January 28, 2021, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox

3